1

2

3

4              **UNITED STATES DISTRICT COURT**

5                    **DISTRICT OF NEVADA**

6

7   FEDERAL NATIONAL MORTGAGE                )
    ASSOCIATION,                             )
8                                            )
                  Plaintiff,                 )     Case No.  2:13-cv-01328-APG-CWH
9                                            )
    vs.                                      )     **ORDER**
10                                           )
    CANYON WILLOW OWNERS                     )
11  ASSOCIATION, *et al.*,                   )
                                             )
12                Defendants.                )
                                             )
13  ────────────────────────────────────────

14          This matter is before the Court on the parties' Stipulation and Proposed Order to Stay

15  Discovery and Litigation (#23), filed on January 16, 2014.  The parties seek to stay discovery and

16  this entire action based on pending cases on appeal at the Supreme Court of Nevada regarding a

17  HOA lien foreclosure issue.  They assert that any dispositive ruling in this case would lead to an

18  appeal and seek to stay for at least 120 days, when they would provide a status report.

19          A court has broad discretionary power to control its docket, which extends to the issuance

20  of a stay. *See e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  This power to stay is

21  "incidental to the power inherent in every court to control the disposition of the causes of action on

22  its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*  In

23  exercising its discretion, the court must consider factors like, "wise judicial administration, giving

24  regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado*

25  *River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).  An overly lenient standard

26  for granting a motion to stay would result in unnecessary delay in many cases.  Moreover, a court

27  should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay .

28  . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators*

    *Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  Therefore, the court must balance the

1   competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in

2   being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005).

3         Here, the Court finds that a stay is not warranted.  The parties have failed to file any points

4   and authority in support of their request for a stay as required by Local Rule 7-2.  Further, the

5   parties have failed to cite to any cases that have been stayed in this Court due to the pending HOA

6   issue that is on appeal in the Supreme Court of Nevada.  In addition, the Court finds that a stay is

7   not warranted as it would delay the efficient resolution of this case and unnecessarily disrupt the

8   Court's schedule.  Accordingly, the Court finds that a stay of discovery and of the entire action is

9   not warranted at this time.

10         Based on the foregoing and good cause appearing therefore,

11         **IT IS HEREBY ORDERED** that parties' Stipulation and Proposed Order to Stay

12   Discovery and Litigation (#23) is **denied without prejudice**.

13         DATED this 11th day of February, 2014.

14

15   _____

          **C.W. Hoffman, Jr.**

16             **United States Magistrate Judge**

17

18

19

20

21

22

23

24

25

26

27

28