UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered corporation,<br><br>                      Plaintiffs,<br><br>v.<br><br>CANYON WILLOW OWNERS ASSOCIATION, a Nevada non-profit corporation; IYAD HADDAD, as Trustee of the 3085 CASEY 201 TRUST; LN MANAGEMENT LLC, a Nevada Limited Liability Company; DOES 1 THROUGH 10; and ROE BUSINESS ENTITIES 1 through 10, inclusive,<br><br>                      Defendants. | Case No. 2:13-cv-01328-APG-CWH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Dkt. no. 25) |
| LN MANAGEMENT LLC SERIES 3085 CASEY 201,<br><br>                      Counterclaimant,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>                      Counterdefendant. | |
| LN MANAGEMENT LLC SERIES 3085 CASEY 201,<br><br>                      Crossclaimant,<br><br>v.<br><br>CANYON WILLOW OWNERS ASSOCIATION,<br><br>                      Crossdefendant. | |

On September 21, 2004, Plaintiff Federal National Mortgage Association ("Fannie Mae") loaned $118,400.00 to a borrower for the purchase of a home (the "Property), securing the loan with a Deed of Trust on the Property. The borrower defaulted on her obligations under the loan

and Fannie Mae instigated foreclosure proceedings. On November 28, 2012, Fannie Mae conducted a foreclosure sale and ultimately purchased the Property at the sale.

At some point during this process or following it—the Complaint does not specify the timing—Defendant Canyon Willow Owners Association ("Canyon Willow") recorded a lien against the Property for past due assessments. Canyon Willow conducted a foreclosure sale on February 2, 2013, selling the Property to Defendant Iyad Haddad, as trustee of the 3085 Casey 201 Trust (the "Trust") for $30,100.00. Although not specified in the Complaint, the Trust presumably thereafter conveyed title to the Property to Defendant LN Management, LLC ("LN Management").

Plaintiff filed this lawsuit on July 25, 2013 against Canyon Willow, the Trust, and LN Management seeking an order declaring that its security interest was not abrogated by Canyon Willow's foreclosure sale. LN Management subsequently filed a First Amended Crossclaim against Canyon Willow seeking the return of its purchase money in the event the Court determines that LN Management is not the rightful holder of the Property free and clear. (Dkt. #11 at 2:7-10.)

Canyon Willow has moved to dismiss all claims against it. (Dkt. #25.) Canyon Willow argues that because it does not currently claim an interest in the Property, it is an improper party to Plaintiff's claims. It further argues that Nevada law requires LN Management to submit its crossclaims to mediation or arbitration before filing them in court. LN Management joins the Motion to Dismiss as to Fannie Mae's Complaint, asserting the Complaint fails to state a claim upon which relief may be granted. (Dkt. #27.) However, LN Management opposes dismissal of its crossclaims should the Court quiet title in Fannie Mae. As the Complaint fails to state a claim, I hereby grant Canyon Willow's motion.

LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a 12(b)(6) motion, I must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the

assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need not contain detailed factual allegations, however, those allegations must be "more than labels and conclusions" and must "rise above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Id.*

**ANALYSIS**

Fannie Mae's own allegations belie its requested relief. Fannie Mae seeks an order "declaring that the deed of trust securing the $118,4.00 (sic) loan continued to encumber the Subject Property as security for the note . . . notwithstanding the purported homeowners association sale on February 2, 2013 and that this security interest was not abrogated by the purported homeowners association sale." (Dkt. #1 at ¶25.) However, Fannie Mae alleges that it foreclosed on its security interest and purchased the Property at the November 28, 2012 foreclosure sale—two months before Canyon Willow's foreclosure sale. (*Id.* at ¶14.) Thus, at that time, title to the Property vested in Fannie Mae. *See* NRS 107.080(5). Subsequently, at the time of Canyon Willow's February 2, 2013 foreclosure sale, Fannie Mae's security interest (i.e., its Deed of Trust) was no longer in existence; rather, Fannie Mae was the owner of the Property. Thus, Fannie Mae's requested relief—declaring that its deed of trust continued to encumber the Property notwithstanding the Canyon Willow foreclosure sale—is legally invalid. Consequently, Fannie Mae has not stated a claim upon which relief can be granted, so I grant the Motion to Dismiss the Complaint. This renders LN Management's Crossclaim moot, so I dismiss that as well.

This dismissal is without prejudice because Fannie Mae could cure the deficiencies in the Complaint through amendment. Allowing amendment is proper where the deficiencies could be cured by the allegation of other facts not inconsistent with existing allegations. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, Fannie Mae could seek to quiet title as the

purported owner of (rather than the holder of a secured interest in) the Property if Canyon Willow's foreclosure was in some way defective. Because LN Management claims an adverse interest in the Property, a quiet title action may lie against LN Management. However, Fannie Canyon Willow is not a proper party under NRS 40.010 because it does not claim an interest in the Property. (Dkt. #25 at 3:24-25.) Moreover, because Fannie Mae has not asserted any other claims against Canyon Willow, Canyon Willow is no longer a coparty and LN Management cannot assert any crossclaim against it. Fed.R.Civ.P. 13(g).[1]

Finally, it appears that LN Management's First Amended Crossclaim is defective in that it does not allege how LN Management has standing to recover funds paid to Canyon Willow. LN Management asserts that the Trust "paid $30,100.00 to the Canyon Willow Owner Association's agent for the Foreclosure Deed Upon Sale." (Dkt. #11 at ¶3.) LN Management then asserts that it has been damaged in the sum of $30,100.00 . . . ." (*Id.* at ¶5.) LN Management does not explain how it has a right to recover the funds that the Trust paid to Canyon Willow. Nor does LN Management explain how it has standing to complain about Canyon Willow's alleged breach of contract related to the foreclosure sale when LN Management did not purchase the Property at that sale.

**CONCLUSION**

IT IS THEREFORE ORDERED that Canyon Willow's motion to dismiss (Dkt. #25) is GRANTED. Plaintiff's Complaint is dismissed without prejudice. Fannie Mae shall have 14 days

////

////

---

[1] Moreover, Fannie Mae's quiet title claim against LN Management likely would not give LN Management a right to assert a Third Party Complaint against Canyon Willow. Rule 14(a) allows the filing of a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a). If Fannie Mae prevails on a quiet title action against LN Management, Canyon Willow would not be liable to LN Management for all or part of that claim. Rather, in that event, LN Management may have the right to file a separate lawsuit against Canyon Willow to recover its resulting damages, provided it can prove standing to assert that claim, as discussed below.

from the date of this Order to file an amended complaint. If no amendment is filed in that time, this matter will be closed.

DATED THIS 27th day of May 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE